Martin B. Stecher, J.
This is an article 78 proceeding pursuant to which the petitioner seeks to set aside a determination by the respondent Tax Commission of the City of New York denying to the petitioner a tax exemption (Real Property Tax Law, § 421) on certain property owned by it in the Borough of Manhattan.
The statute (Real Property Tax Law, § 421, subd. 1, par. [a]) exempts from taxation “ real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, moral or mental improvement of men, women or children ” provided that the property is used exclusively for one or more of such purposes. The petitioner is organized under section 402 of the Business Corporation Law and its certificate of incorporation permits it: “ (a) To hold title to real or personal property solely and exclusively and in accordance with the provisions of Section 501(c)(2) of" the Internal Revenue Code of 1954 as amended ” and turn over the income to the beneficial owner of the stock, here a tax exempt *826 corporation; (b) to acquire, exchange, hypothecate or otherwise deal with or dispose of real and personal property of every kind wherever situated; (c) to have all of the powers set forth in section 202 of the Business Corporation Law.
Section 501 (subd. [c], par. [2]) of the Internal Revenue Code of 1954 as amended (U. S. Code, tit. 26, § 501, subd. [c], par. [2]) exempts from income taxation “ [c] orporations organized for the exclusive purpose of holding title to property, collecting income therefrom, and turning over the entire amount thereof, less expenses, to an organization which itself is exempt under this section. ’ ’
It is apparent that there is a distinction between the exemption requirements of the Federal code and the State act. Under the Federal code, it is appropriate for the exempt corporation to engage in the business of operating real property or, at least, owning real property, the income therefrom to be delivered to' another tax exempt organization. In this fashion, the property referred to in the Internal Revenue Code may be used for a noncharitable purpose and its income, by being devoted to a charitable purpose, exempted from Federal income taxation.
The New York State statute is more restrictive. The owning corporation must be organized or conducted exclusively for one of the said purposes and the property must be used for that purpose (Matter of Shrine of Our Lady of Martyrs of Auriesville v. Board of Assessors of Town of Glen, 40 A D 2d 75). An examination of the certificate of incorporation demonstrates that this corporation is not organized exclusively for the religious, charitable, educational or improvement purposes set forth in section 421 (subd. 1, par. [a]) of the Real Property Tax Law.
It is empowered by its certificate to engage in a variety of real estate or business ventures such as “ [t]o be a promoter, partrter, member, associate or manager of other business enterprises or ventures ” (Business Corporation Law, § 202, subd. [15]). At the very least, there is a conflict between the limitations requiring it to hold property in accordance with this cited provision of the Internal Revenue Code and the subsequent powers granted under section 202 of the Business Corporation Law.
It would thus appear that as this corporation is not one organised exclusively for the limited purposes of the statute (Real Property Tax Law, § 421, subd. 1, par. [a]), .to achieve the exemption it must be conducted exclusively for such purposes.
No issue has been raised as to the use of the property, it being apparent from the papers that the property is exclusively *827 devoted to one of the aforesaid purposes, aiding people to overcome drug addiction. The respondent, however, has denied the allegation that the petitioner is 11 conducted ’ ’ exclusively for the statutory purposes and, indeed, the court cannot ascertain whether or not the corporation is so conducted within the meaning of the statute. Accordingly, the matter shall be referred to Hon. Lloyd I. Paperno, Special Referee, to hear and report on the sole issue of determining whether or not the petitioner corporation is “ conducted exclusively for religious,- charitable, hospital, educational, moral or mental improvement of men, women or children ”. Counsel are directed to serve a copy of this order within five days after publication hereof on the office of the Referee, room 308-M, for the purpose of arranging a hearing date.